UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MISTY LEANN THOMPSON,

       Petitioner,                     Case No. 2:24-CV-11426
                                       HONORABLE PAUL D. BORMAN

STATE OF MICHIGAN,

       Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Misty Leann Thompson, (Petitioner), currently residing at 1018 Caro Rd. Caro, Michigan, filed a *pro se* application for a writ of habeas corpus, which is construed as being brought pursuant to 28 U.S.C. § 2241(c)(3).[1] Petitioner challenges her pending prosecution in the Tuscola County Circuit Court as well as several conditions of her confinement in the Tuscola County Jail. For the reasons that follow, the Petition for a writ of habeas corpus is SUMMARILY DISMISSED WITHOUT PREJUDICE.

---

[1] Petitioner's application for a writ of habeas corpus was filed before she has been convicted of any crimes, thus, the more appropriate vehicle for Petitioner to seek habeas relief is under the traditional habeas statute, 28 U.S.C. § 2241(c)(3), and not under 28 U.S.C. § 2254. *See Klein v. Leis,* 548 F.3d 425, 430, n. 4 (6th Cir. 2008).

1

## I.

Petitioner is currently facing charges of resisting and obstructing a police officer, operating a motor vehicle without security, and operating a motor vehicle without a license on person. Jury trial is scheduled for September 10, 2024. *People v. Thompson,* No. 2024-0000016436-FH (Tuscola County Cir. Ct.).[2]

Petitioner alleges that (1) she has not yet been arraigned on her criminal charges, (2) she has been denied bond, (3) there is no evidence to support the pending charges, and (4) the judge should be disqualified from presiding over her case.

Petitioner also alleges that while incarcerated, she has been physically assaulted by other inmates, sexually assaulted by a guard, has been denied food or has had to barter for food, has been denied hygiene products, has been denied telephone and video privileges, and has been denied access to the law library, even though she has chosen to represent herself in her criminal case.

---

[2] Petitioner does not specify her pending charges in her Petition. This Court obtained the information about Petitioner's pending charges from the Tuscola County Circuit Court website. https://micourt.courts.michigan.gov/case-search/court/C54/case-details?caseId=2024-0000016436-FH&tenantKey. This Court also viewed the Michigan Court of Appeals' website, https://www.courts.michigan.gov/case-search/ and www.1.next.westlaw.com. to determine whether Petitioner had sought any appeals in this case. She has not. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014); *United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

## II.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970) (stating that the district court has the duty to "screen out" petitions that lack merit on their face); *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021) ("[A] federal court may immediately dismiss a petition if it concludes that 'the petition is frivolous, or obviously lacking in merit' on its face."). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir.1999). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141. Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially

insufficient habeas petitions brought under § 2241. *Perez v. Hemingway,* 157 F.

Supp. 2d 790, 796 (E.D. Mich. 2001). After undertaking the review required by

Rule 4, the Court concludes that the Petition must be summarily dismissed.

The Petition is subject to summary dismissal for two reasons.

First, any challenges to Petitioner's pending criminal charges are premature.

In the absence of "special circumstances," federal habeas corpus relief is not

available to review the merits of an affirmative defense to a state criminal charge

prior to a judgment of conviction by a state court. *Braden v. 30th Judicial Circuit*

*Court of Kentucky*, 410 U.S. 484, 489 (1973). A state criminal case is thus ripe for

federal habeas review only after the defendant has been tried, convicted, sentenced,

and has pursued his direct appeals. *See Switek v. Michigan*, 587 F. Supp. 3d 622,

625 (E.D. Mich. 2021). Although federal courts have jurisdiction to hear pre-trial

habeas corpus petitions, a federal court should generally abstain from exercising

this jurisdiction to consider a pre-trial habeas petition if the issues raised in the

petition are capable of being resolved either by trial in the state courts or by other

state procedures available to the petitioner. *See Atkins v. People of the State of*

*Michigan*, 644 F.2d 543, 545-546 (6th Cir. 1981). Where a habeas petitioner's

claims, if successful, would be dispositive of pending state criminal charges, the

claims may be exhausted only by presenting the issues at trial in the state court,

including claims that provide an affirmative defense to the criminal charges and

claims that would "abort a state criminal proceeding, dismiss an indictment, or prevent a prosecution." *Switek,* 587 F. Supp. 3d at 625 (quoting *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994)). The practical effect of this exhaustion requirement is that review of dispositive claims in habeas is not available prior to a state trial. *Id.*

There are several exceptions to the rule that prejudgment habeas relief is unavailable to a state prisoner. One exception to this general rule is a claim that an impending state trial would violate the Double Jeopardy Clause of the federal constitution. *See Klein v. Leis,* 548 F.3d 425, 430, n. 2 (6th Cir. 2008); *Switek*, 587 F. Supp. 3d at 625; *Moore*, 875 F. Supp. at 622, n. 2. Petitioner does not allege that the pending state court charges violate her rights under the Double Jeopardy Clause.

Another exception to this rule would involve a pre-trial habeas petition in which a state prisoner asserted his speedy trial rights for the sole purpose of seeking a writ of habeas corpus that would order the state to bring the prisoner to trial in a timely manner. *See Atkins v. People of the State of Michigan*, 644 F.2d at 547. Although an attempt to dismiss an indictment or otherwise prevent a prosecution is normally nonattainable by way of pre-trial habeas corpus, an attempt to force the state to go to trial may be made prior to trial, although state court remedies would still have to be exhausted. *Id.*

To the extent that Petitioner seeks dismissal of her pending criminal charges, she would not be entitled to habeas relief. Speedy trial considerations can be a basis for federal pre-trial habeas relief, but only where the petitioner is seeking to force the state to bring him to trial; they are not a basis for dismissing a pending state criminal charge outright. *Atkins,* 644 F.2d at 547; *Switek*, 587 F. Supp. 3d at 625. To the extent that Petitioner is seeking to dismiss this pending state criminal case outright, she would not be entitled to habeas relief because this is something which the Court does not have the power to do.

To the extent that Petitioner is seeking to compel the state court to bring her to trial, Petitioner does not allege that she has exhausted her state court remedies with respect to any pending criminal charges. A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). The habeas corpus statute for pre-trial situations requires the exhaustion of state court remedies. *See Dickerson v. State of La.,* 816 F.2d 220, 225 (5th Cir. 1987); *see also Switek,* 587 F. Supp. 3d at 625-26 (petitioner could not seek habeas relief to compel state to bring him to trial without first exhausting state court remedies). Any pre-trial habeas petition is premature because Petitioner failed to allege that she has exhausted her state court remedies with respect to any pending criminal charges. *Switek,* 587 F. Supp. 3d at 626.

Petitioner alleges that the State of Michigan has yet to arraign her on the pending criminal charges. The 54th Circuit Court-Tuscola County records indicate that Petitioner was arraigned on all three charges on December 11, 2023. This claim is moot. Petitioner also alleges that she was denied bond. The 54th Circuit Court-Tuscola County records indicate that Petitioner posted bond on March 28, 2024. Her bond claim is now moot.

Second, Petitioner also challenges several conditions of her confinement, but these are non-cognizable on habeas review. Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration. *See Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Claims which challenge the conditions of confinement should be brought as a civil rights complaint pursuant to 42 U.S.C.§ 1983. *Id.*

All of Petitioner's claims arising out of the Tuscola County Jail are non-cognizable on habeas review because they involve challenges to the conditions of her confinement. *See Keller v. Cross*, 603 F. App'x 488, 491 (7th Cir. 2015) (claim that jail officials failed to protect petitioner from being assaulted by other inmates

challenged the conditions of his confinement); *Eiland v. Warden Fort Dix FCI*, 634 F. App'x 87, 89 (3d Cir. 2015) (claim that prisoner was sexually assaulted involved condition of confinement); *Bloomfield v. Zeigler*, 775 F. App'x 412, 414 (10th Cir. 2019) (denial of food and hygiene products non-cognizable on habeas review); *Lutz v. Hemingway*, 476 F. Supp. 2d at 719 (the denial of telephone privileges is a claim that should be brought in a civil rights action and not a habeas petition); *Perez-Rodriguez v. Holt*, 439 F. App'x 127, 130 (3d Cir. 2011) (denial of access to a law library should not be brought as a habeas action, but should instead be brought as a civil action under § 1983 because it involves a challenge to the conditions of confinement). Petitioner's claims about the Tuscola County Jail challenge only the conditions of her confinement, thus, these claims "fall outside of the cognizable core of habeas corpus relief." *See Hodges v. Bell,* 170 F. App'x 389, 393 (6th Cir. 2006).

The proper course for a district court after it determines that the substance of a state prisoner's *pro se* habeas corpus petition is a subject more appropriately reached under 42 U.S.C. § 1983 is to dismiss the petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action. *See Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004). Accordingly, the Court will dismiss these claims without prejudice to Petitioner bringing the claims in a separate civil rights complaint. *Switek*, 587 F. Supp. 3d at 627.

28 U.S.C. § 2253 governs appeals in habeas corpus proceedings. Whether a petitioner's habeas corpus petition was brought under § 2254 or brought under § 2241, he must obtain a certificate of appealability before appealing this Court's denial of his habeas petition. *See* § 2253(c)(1)(A); *Greene v. Tennessee Dep't of Corrections*, 265 F.3d 369, 372 (6th Cir. 2001) (a state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability to bring an appeal); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (pre-trial detainee who challenged pending state prosecution pursuant to § 2241 was required to obtain a certificate of appealability).

For the reasons stated in this Opinion, the Court will deny Petitioner a certificate of appealability because jurists of reason would not find debatable this Court's finding that Petitioner's challenges to her pending criminal charges or the conditions of her confinement are non-cognizable on habeas review. *See e.g. Switek*, 587 F. Supp. 3d at 627. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *Id.*

9

**III.**

Accordingly, the Court **SUMMARILY DISMISSES WITHOUT PREJUDICE** the Petition for a writ of habeas corpus.  The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED**.

Dated: June 11, 2024                          s/ Paul D. Borman
                                              Paul D. Borman
                                              United States District Judge